Smith, J.
(dissenting). I agree with the majority that the error in judgment charge should not have been given. I disagree that the giving of that charge was harmless. Plaintiff alleged and sought to prove that the defendant doctor was negligent in ligating the renal artery during surgery. Plaintiff was entitled to have the case tried solely on that basis and to have a jury evaluate the evidence, no matter how difficult the operation was, in order to determine if the defendant was negligent. In giving the error of judgment charge, the court clouded the issue which was before the jury. No one can determine what the effect of that charge was on the jury and its decision. Any determination here that the error was harmless is mere speculation.
As the majority states, the error in judgment charge should be given only where there are two or more possible courses of action and a doctor chooses one (see, PJI 2:150, 5, caveat 2 [citing Pike v Honsinger, 155 NY 201 (1898)]). At the charge *402 conference, the Trial Judge tried to determine what the parties wanted in terms of a judgment charge. The Trial Judge asked plaintiffs attorney whether his contention was that the doctor erred in judgment in attempting to tie off vessels (or “bleeders”) or mistook the renal artery for a vessel. Plaintiffs attorney stated that the plaintiff claimed that the doctor erred in mistakenly tying off the renal artery.
In this case, the trial court gave a standard negligence charge and then followed immediately with an error in judgment charge. Thus, the trial court told the jury that medical malpractice is “professional negligence” and that “[njegligence is the failure to use reasonable care under the circumstances, doing something that a reasonably prudent doctor would not do under the circumstances, or failing to do something that a reasonably prudent doctor would do under the circumstances.” It then went on to give the error in judgment charge. The court stated:
“In performing a medical service, the doctor is obligated to use his or her best judgment and to use reasonable care. By undertaking to perform a medical service, a doctor does not guarantee a good result. The fact that there was a bad result to the patient by itself does not make the doctor liable. The doctor is liable only if he was negligent. Whether the doctor was negligent is to be decided on the basis of the facts and conditions existing at the time of the claimed negligence. A doctor is not liable for an error in judgment if he does what he decides is best after careful examination if it is a judgment that a reasonably prudent doctor could have made under the circumstances. If the doctor is negligent, that is, fails to use reasonable care and judgment in providing the service, then the doctor is responsible for the injury or harm caused.”
What the error in judgment was or could be in this case was never made clear to the jury. A jury could rationally conclude from the error in judgment charge that the defendant could be absolved from liability if he mistakenly ligated the renal artery while attempting to ligate other vessels. In this way, the issue of negligence was clouded by the error in judgment charge.
I, therefore, agree with the dissent at the Appellate Division that plaintiff is entitled to a new trial.
Chief Judge Kaye and Judges Levine, Wesley, Rosenblatt and Graffeo concur with Judge Ciparick; Judge Smith dis-
*403 sents and votes to reverse and order a new trial in a separate opinion.
Order affirmed, without costs.